**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4137**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

CHARLIE RENZELL STROTHER, a/k/a Rallo,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:07-cr-00061-FDW-15)

───────────

Submitted: August 5, 2010      Decided: September 1, 2010

───────────

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

───────────

Affirmed and remanded by unpublished per curiam opinion.

───────────

Thomas Joseph Blackwood, III, Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlie Renzell Strother pled guilty before a magistrate judge[1] to distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court imposed the statutory mandatory minimum sentence of 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal, but questioning whether the sentence imposed was reasonable. We affirm the conviction and sentence, but remand for the district court to correct the written judgment to reflect the offense to which Strother pled guilty.

We conclude without difficulty that the 120 month sentence imposed by the district court was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (review of sentence is for abuse of discretion). The district court simply had no discretion to sentence Strother below the statutory minimum, United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), and his sentence to the mandatory minimum is thus per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th

---

[1] Strother consented to enter his plea before the magistrate judge. See United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003) (allowing magistrate judges to conduct plea hearings if a defendant waives his right to proceed before a district judge).

Cir. 2008). The judgment, however, repeated an error contained in the presentence report, erroneously describing the offense in Count Thirty-Three as possession with intent to distribute cocaine base, rather than the distribution of cocaine base offense with which Strother was charged and to which he pled guilty.[2]

Therefore, after reviewing the entire record in accordance with <u>Anders</u>, we affirm Strother's conviction and sentence, but remand so that the written judgment can be corrected to reflect the offense to which Strother pled guilty-- distribution of cocaine base. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

---

[2] Because both possession with intent to distribute cocaine base and distribution of cocaine base are offenses under 21 U.S.C. § 841(a)(1), and carry the same penalties, 21 U.S.C. § 841(b)(1)(B), the clerical error in the judgment did not affect Strother's sentence or otherwise prejudice him.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED